1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7
MONTE C. HOISINGTON,                    )
8                                       )
9                                       )
              Plaintiff,                )      No. CV-15-155-LRS
10                                      )
     v.                                 )      **ORDER OF DISMISSAL**
11                                      )
12   BENJAMIN C. NICHOLS, Prosecuting    )
     Attorney, Asotin County WA, et al., )
13                                      )
14            Defendants.               )
_____ )
15

16        In an order dated June 26, 2015 (ECF No. 5), this court directed the *pro se*

17   Plaintiff to file a First Amended Complaint in an attempt to redress deficiencies in

18   his original Complaint, specifically allegations indicating Defendant Nichols and

19   Defendants Asotin County Clerk Marie Eggart and Asotin County Clerk's Office

20   employee, Betty Weissenfels, had acted "in the clear absence of all jurisdiction"

21   such that Defendant Nichols would not be entitled to prosecutorial immunity, and

22   Defendants Eggart and Weissenfels would not be entitled to quasi-judicial

23   immunity.

24        Plaintiff has filed an "Amended Civil Rights Complaint" (ECF No. 9), but it

25   fails to allege with specificity that Defendants continued efforts to enforce

26   Plaintiff's Legal Financial Obligations (LFOs) **after** October 8, 2014, when the

27   Asotin County Superior Court entered an order relieving Plaintiff of his LFOs.  Up

28   until that time, the Asotin County Clerk's Office maintained jurisdiction to enforce

**ORDER OF DISMISSAL -        1**

Plaintiff's LFOs, notwithstanding that Defendant Nichols filed a motion with the Washington Court of Appeals on August 27, 2014, requesting a remand to the Asotin County Superior Court for the express purpose of having that court relieve Plaintiff of his LFOs. The remand was granted by the court of appeals on September 10, 2014. The mere fact that a remand was sought by the prosecutor and granted by the court of appeals did not deprive the Asotin County Clerk of jurisdiction to enforce Plaintiff's LFOs. Such jurisdiction existed until October 8, 2014.[1]

Plaintiff's Amended Complaint alleges that when he "received the motion for remand from Defendant Nichols, [he] called Defendant Weissenfels informing her of the motion and that her office had been taking [his] property without cause or jurisdiction to do so . . . ." (ECF No. 9 at Paragraph 6.20). According to Plaintiff, Defendants Weissenfels put Plaintiff on hold so she could talk to Defendants Nichols and Eggart and when she returned to the phone, informed Plaintiff that he would have to continue making the payments or she (Weissenfels) would seek a contempt order from the superior court. (ECF No. 9 at Paragraph 6.21). The motion for remand was signed by Defendant Nichols on August 25, 2014 (Attachment 1 to ECF No. 9) and filed with the court of appeals on August 27. This was before the Asotin County Clerk's office lost jurisdiction to enforce Plaintiff's LFOs. The only reasonable inference that can be drawn from Plaintiff's allegations is that when he spoke to Defendant Weissenfels, the Asotin County Superior Court had yet to enter an order relieving Plaintiff of his LFOs. In subsequent paragraphs of his Amended Complaint, Plaintiff alleges the court of appeals remanded the case to the Asotin County Superior Court (which would have been September 10, 2014), that at the remand hearing, Plaintiff was

---

[1] This court has reviewed both the Appellate Court Case Summary in Case No. 322505, and the Superior Court Case Summary in Case No. 91-1-00061-3, which are available on the Washington Courts website at http://dw.courts.wa.gov/

**ORDER OF DISMISSAL -        2**

1    represented by the attorney appointed by the court of appeals, and that the superior

2    court then entered an order relieving Plaintiff of his LFOs (which would have been

3    October 8, 2014).  (ECF No. 9 at Paragraphs 6.22, 6.23 and 6.24).

4        "Factual allegations must be enough to raise a right to relief above the

5    speculative level . . . on the assumption that all the allegations in the complaint are

6    true (even if doubtful in fact) . . . ."  *Bell Atlantic Corporation v. Twombly*, 550

7    U.S. 544, 555, 127 S.Ct. 1955 (2007).   The factual allegations must allege a

8    plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009).The

9    court need not accept as true conclusory allegations or legal characterizations, nor

10   need it accept unreasonable inferences or unwarranted deductions of fact.  *In re*

11   *Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996).  The

12   factual allegations in Plaintiff's Amended Complaint are insufficient to raise his

13   right to any relief above the speculative level.  From those allegations, it is

14   unreasonable to infer that the Asotin County Clerk's office acted "in the clear

15   absence of all jurisdiction."  Therefore, Plaintiff's Amended Complaint fails to

16   allege a plausible claim for violation of his federal constitutional rights.  The only

17   reasonable inference is that when Plaintiff spoke to Defendant Weissenfels, the

18   Asotin County Clerk's office still had jurisdiction to enforce Plaintiff's LFOs and

19   retained such jurisdiction until at least October 8, 2014, when the superior court

20   entered an order relieving Plaintiff of those LFOs.  See RCW 9.94A.760(4)("The

21   county clerk is authorized to collect unpaid legal financial obligations at **any time**

22   the offender remains under the jurisdiction of the court for purposes of his or her

23   legal financial obligations").  (Emphasis added).  See also RCW

24   9.94A.753(4)("The county clerk is authorized to collect unpaid restitution at **any**

25   **time** the offender remains under the jurisdiction of the court for purposes of his or

26   her legal financial obligations").  (Emphasis added).

27       Because Defendant Nichols' alleged advice to the clerk's office  was

28   rendered prior to the superior court's October 8, 2014 order relieving Plaintiff of

**ORDER OF DISMISSAL -      3**

his LFOs, the rendering of that advice was so closely connected to the ongoing judicial process of enforcing the LFOs that it is protected by prosecutorial immunity. *See Lacey v. Maricopa County*, 693 F.3d 896, 914 (9th Cir. 2012). Assuming Defendants Eggart and Weissenfels acted upon that advice to continue pursuing collection of the LFOs, they did not do so "in the clear absence of all jurisdiction," as confirmed by RCW 9.94A.760(4) and RCW 9.94A.753(4). Accordingly, they are entitled to quasi-judicial immunity. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the Amended Complaint and this action are **DISMISSED with prejudice**. The court hereby certifies that any appeal taken from this order is not in good faith. 28 U.S.C. §1915(a)(3). Accordingly, Plaintiff may not take *in forma pauperis* an appeal to the Ninth Circuit Court of Appeals without seeking the circuit's authorization pursuant to a motion filed with the court of appeals within thirty (30) days of this order. Fed. R. App. P. 24(a)(5). Such a motion should be filed along with a Notice of Appeal.

**IT IS SO ORDERED.** The District Executive shall enter Judgment accordingly and forward a copy of the Judgment and this order to the Plaintiff.

**DATED** this ____24th____ day of November, 2015.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER OF DISMISSAL -**      **4**